UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRELLIAN PTY, LTD.,

                        Plaintiff(s),

  against

adMARKETPLACE INC.,

                        Defendant(s).

CIVIL ACTION NO.: 19 Civ. 5939 (VM) (SLC)

**AMENDED STIPULATION AND PROTECTIVE ORDER**

      **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and by all non-parties providing discovery in connection with the pre-trial phase of this action ("the Parties"):

      1.    Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a Party as confidential will be stamped "CONFIDENTIAL."

      2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

      3.    Any Party may challenge a designation of Confidential or Attorneys' Eyes Only at any time.  In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute.  The challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  Upon receipt of written notice, the Parties shall meet and confer, and the challenging Party must explain the basis for its belief that the designation was not proper and must give the designating Party a reasonable opportunity to review the designated material, to reconsider the circumstances, and to explain the basis for the chosen designation.  In the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4. The Parties should meet and confer if any production requires a designation of "For Attorneys' Eyes Only," provided that absent further agreement, such documents shall only be disclosed to outside counsel for the Parties, in-house counsel, and the persons identified in subsections b through e below. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties to this action and their counsel, including in-house counsel;

    b. Employees of outside counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    e. Any individual who has been noticed for deposition or called as a witness at trial; provided, however, that such individuals shall not retain a copy of the document.

5. Prior to disclosing or displaying the Confidential Information or Attorneys' Eyes Only Information to any person, to the extent permitted by Section 4, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A; provided, however, that no person who has previously executed a version of Exhibit A to the Protective Order entered in this Action on December 11, 2019 (Dk. 27) shall be required to re-execute Exhibit A hereto except that all such persons who are shown documents marked Attorneys' Eyes Only or Confidential Information that were produced after the date of this Amended Stipulation and Protective Order (the "Order") are made aware of and agree to be bound by the terms of this Order; and

    d. To the extent disclosure shall be made to such person of documents designated as Attorneys' Eyes Only, that person shall also sign an agreement in the form of Exhibit B. Upon request of the producing party to any receiving party, the receiving party shall identify the names of any

persons to whom any document designated by the producing party as Attorneys' Eyes Only has been disclosed.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

10. If at any time before the termination of this action a producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only some document or portion(s) of a document that it previously produced without limitation, the producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such document or designated portion(s) as Confidential or Attorneys' Eyes Only.

11. At the conclusion of litigation, Confidential Information, including any document designated as Attorneys' Eyes Only, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed. Notwithstanding this provision, the

Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. Any such retained working files remain subject to this AMENDED STIPULATION AND PROTECTIVE ORDER.

12. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that such Party gives written notice to the producing Party as soon as reasonably possible. Upon receiving such notice, the producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so.

SO STIPULATED AND AGREED.

Dated: New York, New York
September 18, 2020

                                                      SO ORDERED.

                                                      SARAH L. CAVE
                                                      United States Magistrate Judge

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Amended Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Amended Stipulation and Protective Order could subject me to punishment for contempt of Court.

_____

DATED:

_____

**Exhibit B**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as For Attorneys' Eyes Only. I have been informed that any such documents or information labeled "Attorneys' Eyes Only" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation and that at the conclusion of the litigation I will return all discovery information to the attorney from whom I received it. By acknowledging these obligations under the Amended Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my violation of any term of the Amended Stipulation and Protective Order could subject me to punishment for contempt of Court.

_____

DATED:

_____