

October 14, 2020

**VIA ECF**

Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000
orrick.com

The Honorable Sarah L. Cave
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 18A
New York, New York 10007

Re:   *Trellian Pty Ltd. v. adMarketplace, Inc.*, 19-CV-5939

Your Honor:

The parties submit this joint letter to respectfully request an extension of the case management deadlines by 90 days. This is the parties' fourth request for a modification to the case management schedule.

Pursuant to the current case management schedule, fact discovery is scheduled to end on November 17, 2020. To date, the parties have served and responded to interrogatories and requests for production of documents, have served documents responsive to the requests, and have noticed depositions. adMarketplace, Inc. ("adMarketplace") has also served third-party subpoenas on four non-parties and has begun expert discovery work.

The parties respectfully request an adjournment of all deadlines for the following reasons. First, adMartketplace and Trellian are actively engaging in settlement negotiations. Given the costs already expended by both parties on legal fees – which are significant, particularly in relation to the amount in dispute in this matter – the parties believe the settlement discussions will be more fruitful if neither side is required to incur the costs of taking and defending depositions and litigating the discovery disputes outlined below in the immediate future.

Second, the parties are requesting an adjournment because adMarketplace believes that a non-party subpoena recipient – Resilion, LLC ("Resilion") – has improperly withheld relevant information from discovery and otherwise caused significant delay. After being served with adMarketplace's subpoena on May 28, 2020, Resilion belatedly insisted that the Court's standard protective order (*see* Dkt. No. 27) did not provide adequate protection and then engaged in an elongated, back-and-forth negotiation with adMarketplace over modified terms. Agreement on an amended protective order was not reached until September 16, 2020. *See* Dkt. Nos. 50, 51.

The Honorable Sarah L. Cave
October 14, 2020
Page 2

When Resilion ultimately produced documents on September 28, 2020 and October 9, 2020, it did so in heavily-redacted form, despite the enhanced protections it had negotiated for in the Amended Protective Order, including an Attorneys' Eyes Only designation.  adMarketplace is continuing to negotiate with Resilion in good faith to try to resolve the dispute without resort to motions practice.  The parties believe these document production issues should be resolved before depositions go forward given the importance of Resilion's documents to the case.

Third, adMarketplace has raised a number of issues regarding the sufficiency of Trellian's document production, and the parties are also continuing to pursue other non-party discovery, the responses to which have been significantly impacted by the COVID crisis.  The parties are continuing to work through these issues in good faith as well.

Finally, it now appears unlikely that depositions will be able to occur in person before the end of the year due to COVID.  As a result, the parties now need to discuss with each other and with non-parties the manner in which remote depositions would occur and agree on a stipulation related to the taking of that testimony.  The parties are mindful of the Court's own proposed Stipulation and Proposed Order Concerning the Protocol for Conducting Remote Depositions and will work to incorporate those terms in their agreement.

For these reasons, the parties respectfully request that the Court extend all unexpired discovery deadlines for a period of 90 days, together with all post-discovery deadlines previously set by the Court.

Very truly yours,

*/s/ Richard A. Jacobsen*

Richard A. Jacobsen
Counsel for adMarketplace, Inc.


cc: Turner Smith, Counsel for Trellian Pty, Ltd. (via ECF)