

**Orrick, Herrington & Sutcliffe LLP**

51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

**Richard Jacobsen, Esq.**
E rjacobsen@orrick.com
**D+1 212 506 3743**
**F+1 212 506 5151**

October 30, 2020

**VIA ECF**

The Honorable John P. Cronan
United States District Judge for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     Trellian Pty, Ltd. v. adMarketplace, Inc., 19-CV-5939, Joint Status Update

Your Honor:

We write to update the Court on the status of the above referenced matter per the Order dated
October 16, 2020, *see* Dkt. No. 55, as follows:

1.  The appearances of counsel and contact details noted on the docket are up to date.  As set
    forth therein, plaintiff Trellian Pty, Ltd. ("Trellian") is represented by Turner P. Smith of
    Curtis Mallet-Prevost, Colt & Mosle LLP.  Defendant adMarketplace, Inc. ("AMP") is
    represented by Richard A. Jacobsen, Jr., R. Colby Allsbrook and Rochelle F. Swartz of
    Orrick, Herrington & Sutcliffe LLP.

2.  Trellian asserts the following: AMP first opened an account with Trellian in 2013,
    allowing it to bid for direct navigation traffic to domain names associated with or of
    interest to AMP's retailing and brand clients.  Over the ensuing years, AMP bid for and
    successfully won traffic from many different domain names on Trellian's Direct Search
    Network, including "macy.com".  Trellian had historically invoiced AMP for winning bid
    amounts on a monthly basis, and AMP paid those invoices.  However, in February 2019,
    a dispute arose between the parties over the domain name "macy.com."  Following that
    dispute, AMP failed to pay for traffic from December 2018 through early February 2019.
    Trellian's direct claims in this case – breach of contract, account stated and unjust
    enrichment – seek to recover the total balance of those unpaid invoices, in the amount of
    $747,711.57, plus interest and attorney's fees (which are recoverable by contract).

1



AMP asserts the following: On July 18, 2016, Trellian and AMP entered into a Listings Distribution Agreement ("LDA") whereby the parties agreed that Trellian would send AMP internet traffic that AMP could use to service its advertiser clients.  The LDA includes non-solicitation and confidentiality clauses, pursuant to which Trellian agreed it would not "directly or indirectly" solicit any of AMP's advertisers and that it would hold any information it learned from AMP in strict confidence.  LDA §§ E.2; E.4.  In or around February 2019, Trellian breached these LDA provisions, causing AMP to lose an estimated $1.4 million in net revenue it otherwise would have generated in 2019 alone.  AMP's breach claims arise out of Trellian's coordinated efforts with AMP competitor Resilion, LLC to solicit and ultimately take the business of retail advertiser Macy's, Inc. away from AMP.

3. Trellian is a Proprietary Limited Company organized under the laws of Australian, with its principal place of business in Beaumaris, Victoria, Australia.  AMP is a Delaware corporation, with its principal place of business in New York, New York.  The parties do not contest that jurisdiction is proper under 28 U.S.C. § 1332 and venue is proper under 28 U.S.C. § 1391(b)(1).

4. Pursuant to the Amended Case Management Plan and Scheduling Order, entered on October 26, 2020, the remaining deadlines in the case are as follows:
    a. Deadline for request for admission, additional requests for production, and additional interrogatories: January 18, 2021
    b. Close of fact discovery, including completion of depositions: February 15, 2021
    c. Joint letter certifying fact discovery is complete: February 22, 2021
    d. Close of expert discovery: June 3, 2021
    e. Joint letter certifying discovery is complete: June 10, 2021

5. Per the Court's Notice of Reassignment, the parties are instructed to appear before this Court on January 14, 2021 at 1:00 p.m. for a Pretrial Conference.  The Notice also states that the parties should be prepared to discuss this joint letter with the Court on November 5, 2020; however, no time or place are noted and this may be a typographical error.  No other conferences or hearings with the Court are currently scheduled.

6. There are no motions currently outstanding in this matter.

7. There are no currently pending appeals in this matter.

8. To date, the following discovery has been completed:
    a. Initial disclosures were exchanged on October 8, 2019.
    b. As of December 19, 2019, both parties propounded initial Requests for Production and Interrogatories.  Both parties have since responded to the Requests



for Production and Interrogatories, although the parties are continuing to meet and confer regarding the sufficiency of the responses.

   c.  As of July 28, 2020, both parties noticed party depositions. Trellian has noticed the depositions of five current and former AMP employees.  AMP has noticed the depositions of two current Trellian employees and a 30(b)(6) deposition of Trellian.

   d.  As of June 14, 2020, defendant AMP subpoenaed four non-parties.  All non-parties have produced at least some documents in response to those subpoenas; AMP is still in the process of determining whether those responses are sufficient. The parties also anticipate deposing some or all of the non-parties.

As agreed during the October 23, 2020 telephone conference with Magistrate Judge Cave, the parties anticipate that if the current settlement negotiations do not resolve this matter, depositions will likely occur by remote means in January 2021.

9.  The parties engaged in limited pre-litigation settlement negotiations by letter in the spring of 2019.  Following commencement of the action, the parties agreed to attend a settlement conference before Judge Cave, which took place on July 7, 2020.  In anticipation of the settlement conference, the parties exchanged settlement offers by letter on March 3, 2020 and again on July 1, 2020.  The July 7, 2020 settlement conference was unsuccessful, but as of October 13, 2020, the parties have reengaged in settlement discussions.  Those discussions are ongoing.

10.  As discussed above, the parties conducted one settlement conference with Judge Cave on July 7, 2020.  The parties do not believe further alternative dispute resolution mechanisms would be helpful or cost-effective at this point.

11.  The parties have estimated that trial would take approximately 5 days.

12.  The parties do not believe there are any other issues to raise with the Court at this time.

Respectfully,

*/s/ Richard Jacobsen*

Richard Jacobsen

cc: Turner P. Smith (via ECF)

3